# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

SANDRA NAVA NEGRETE,

Petitioner,

vs.

MARKWAYNE MULLIN, et al.,

Respondents.

No.  C26-114-LTS-KEM

**MEMORANDUM
OPINION AND ORDER**

## I.      INTRODUCTION

This case is before me on petitioner Sandra Nava Negrete's petition (Doc. 1) for a writ of habeas corpus under 28 U.S.C. § 2241.  Nava Negrete is an alien being held in custody without a bond hearing while her removal proceedings are ongoing.  *See* Doc. 1.  She claims her detention violates her procedural due process rights.  In an initial review order (Doc. 4), I directed Respondents (collectively, the Government)[1] to respond to the petition, which it has done (Doc. 9).  Nava Negrete has replied (Doc. 13).  Oral argument is not necessary.  *See* LR 7(c).

## II.     BACKGROUND

Nava Negrete is a Mexican national who was allegedly brought into the United States as an infant in 1995 and has lived in the country since.  Doc. 1 at ¶ 2.  She was not encountered at the border, has no pending application for lawful status and has never been admitted into the country.  Doc. 10-1 at ¶¶ 12, 22–23.

---

[1] Although the Government's reply was filed on behalf of the federal respondents and not the state employees (Doc. 9 at 1 n.1), this order applies to all respondents with equal force.

Nava Negrete has had run-ins with the law since 2020, *see* Doc. 12-5 at 2–3, including a conviction for theft in Scott County, Iowa, in 2021.  Doc. 12-4 at 2–3.  Most recently, in November 2025, she was arrested in Davenport, Iowa, for domestic abuse assault with a weapon.  *Id.* at 28.  After a hearing related to that charge, Immigration and Customs Enforcement (ICE) officials served Nava Negrete with an I-200 administrative warrant and arrested her.  Doc. 12-1 at ¶ 21; Doc. 12-5 at 3.  She has since remained detained in the Linn County Jail in Cedar Rapids, Iowa.  Doc. 12-1 at ¶ 24.  The Government has initiated removal proceedings against Nava Negrete and she has been deemed ineligible for a bond hearing pending a decision on her removability.  Doc. 1 at ¶¶ 22, 34.

## III.   STANDARD OF REVIEW

Habeas corpus relief is available to those "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  For relief, a petitioner must prove by a preponderance of the evidence that his detention is unlawful.  *Phongsavanh v. Williams*, 809 F. Supp. 3d 864, 867 (S.D. Iowa 2025).

## IV.   ANALYSIS

Nava Negrete contends that her detention violates her due process rights and necessitates either her immediate release or a bond hearing.  I disagree.

Starting with the statutory landscape, two independent statutory provisions require Nava Negrete's mandatory detention.  Nava Negrete has never been admitted into the United States, so 8 U.S.C. § 1225(b)(2) compels her detention without bond.  *See Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).  Similarly, because she has been convicted of theft under Iowa law, 8 U.S.C. § 1226(c) requires her detention without a chance to apply for release on bond.  *See Nielsen v. Preap*, 586 U.S. 392, 408, 418 (2019) (aliens who are linked with an offense identified in subsection (c)(1) fall within the mandatory detention provision without regard to when the conviction occurred).

In light of these statutory barriers, Nava Negrete challenges the constitutionality of her detention without bond.  But in the immigration context, the political branches' powers are potent.  *Mathews v. Diaz*, 426 U.S. 67, 80 (1976) ("Congress may make rules as to aliens that would be unacceptable if applied to citizens."); *Dep't of State v. Muñoz*, 602 U.S. 899, 911 (2024) (field of immigration law is "an area unsuited to rigorous judicial oversight").  This is not to say that Congress and the Executive are unrestrained by the Constitution, *Ping v. United States* (the Chinese Exclusion Case), 130 U.S. 581, 604 (1889); *Yamataya v. Fisher* (the Japanese Immigration Case), 189 U.S. 86, 100 (1903), just that an alien challenging duly enacted statutory provisions faces an uphill battle.

Nava Negrete advocates that I use the *Mathews*[2] balancing factors to weigh her due process claim.  While I have already expressed my doubts as to the applicability of the *Matthews* test when judging detentions under § 1225(b)(2),[3] it is well-settled that the test has no place in evaluating § 1226(c) detentions.  *See Banyee v. Garland*, 115 F.4th 928, 933 (8th Cir. 2024); *Demore v. Kim*, 538 U.S. 510, 531 (2003).  Rather, "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Demore*, 538 U.S. at 531; *accord Wong Wing v. United States*, 163 U.S. 228, 235 (1896); *Carlson v. Landon*, 342 U.S. 524, 538 (1952); *Jennings v. Rodriguez*, 583 U.S. 281, 286 (2018).  Nava Negrete offers nothing to suggest her case is distinguishable.

Because Nava Negrete is subject to mandatory detention under both § 1225(b)(2) and § 1226(c), her removal proceedings remain ongoing and precedent forecloses her from receiving an individualized bond hearing, her petition for habeas corpus must be denied.

---

[2] *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

[3] *See, e.g.*, *Singh v. Mullin*, No. 26-cv-56, 2026 WL 1021846, at *3 (N.D. Iowa Apr. 15, 2026).

## V.    CONCLUSION

For the reasons set forth herein, Sandra Nava Negrete's petition (Doc. 1) for a writ of habeas corpus is **denied**.


**IT IS SO ORDERED** this 16th day of June, 2026.

_____
Leonard T. Strand
United States District Judge